Glenda A. Miller visited the Family Planning Clinic in Mobile, Alabama in June, 1972, to obtain a contraceptive device. The Mobile County Board of Health established the Family Planning Clinic on July 28, 1970. On the advice of the clinic, Mrs. Miller chose an intrauterine device (IUD). The Planning Clinic did not inform Mrs. Miller of the possible side effects or dangers of using an IUD. The Planning Clinic did not give Mrs. Miller a choice of which IUD to use, but instead fitted her with a Dalkon Shield IUD manufactured by A.H. Robins Company.
In October, 1972, Glenda Miller began to hemmorage. On November 1, 1972, she hemmoraged severely and passed a large blood clot, decidual endometrium and the Dalkon Shield. Mrs. Miller miscarried a 14-15 week old male fetus on November 10, 1972.
On August 1, 1979, Mrs. Miller read a newspaper article about the Dalkon Shield and its manufacturer, A.H. Robins Company. The article described the defective nature of the Dalkon Shield and stated that shield caused injuries to a number of women. It was not until reading the article that Mrs. Miller became aware of the defective nature of the Dalkon Shield and that the shield might be the cause of her miscarriage.
Glenda and Donald filed suit against the clinic and the manufacturer on August 1, 1980. The action cites six theories of liability: (1) the Alabama Extended Manufacturer's Liability Doctrine; (2) warranty; (3) negligence; (4) wanton negligence; (5) fraud and misrepresentation; and (6) fraudulent concealment of the cause of action. The defendants filed a motion to dismiss for failure to state a claim. The grounds for the motion were that the cause was barred because of the sovereign immunity of the clinic and the County Board of Health and that the cause was barred by the statute of limitations. The clinic and the Board of Health supported the motion with affidavits. The trial judge granted the clinic's and Board of Health's motion to dismiss, *Page 422 
stating that the organizations are immune to suit under the doctrine of sovereign immunity. The trial judge later granted A.H. Robins's motion to dismiss based on the statute of limitations.
A variety of statutes of limitations apply to Counts 1-5 against A.H. Robins, each of which has expired unless the Millers can show that the cause of action comes within Code 1975, § 6-2-3. Section 6-2-3 provides:
 In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have one year within which to prosecute his action.
This section would toll the running of the statutes of limitations until Mrs. Miller discovered, or should reasonably have discovered the injury or cause of action. Amason v. FirstState Bank of Lineville, 369 So.2d 547 (Ala. 1979). The burden is on the plaintiffs to show they come within § 6-2-3. Id.;Tarlton v. Tarlton, 262 Ala. 67, 77 So.2d 347 (1955).
A motion to dismiss should be granted only when it appears on the face of the complaint the plaintiff can prove no set of facts entitling him to relief. Braggs v. Jim Skinner Ford,Inc., 396 So.2d 1055 (Ala. 1981). Winn-Dixie Montgomery, Inc.v. Henderson, 371 So.2d 899 (Ala. 1979). When, as in this case, the plaintiff's complaint on its face is barred by the statute of limitations, the complaint must also show that he or she falls within the savings clause of § 6-2-3. Amason v. FirstState Bank of Lineville, 369 So.2d 547 (Ala. 1979). SeeAssociates Financial Services Co. v. First National Bank,292 Ala. 237, 292 So.2d 112 (1974). Rule 9 of the Alabama Rules of Civil Procedure requires that fraud be alleged "with particularity." Garrett v. Raytheon Co., 368 So.2d 516 (Ala. 1979). The pleadings which relate to fraudulent concealment of a tort or cause of action are as follows:
 32. Plaintiff avers that Defendants committed fraud on Plaintiff by fraudulently concealing the defective and unreasonably dangerous condition of said product from Plaintiff after they knew said product was defective and dangerous.
The complaint fails to allege any of the facts or circumstances by which the appellees concealed the cause of action or injury. The complaint also fails to allege what prevented Mrs. Miller from discovering facts surrounding the injury. See Amason v.First State Bank of Lineville, 369 So.2d 547 (Ala. 1979);Garrett v. Raytheon Co., 368 So.2d 516 (Ala. 1979). The plaintiffs make only generalized allegations to support their claim for fraudulent concealment. Although under modern rules of civil practice the pleadings only need to put the defending party on notice of the claims against him, Rule 9 (b) qualifies the generalized pleadings permitted by Rule 8 (a), ARCP. "The pleading must show time, place and the contents or substance of the false representations, the facts misrepresented, and an identification of what has been obtained." Rule 9 (b), ARCP, Committee Comments. The allegations contained in count 6 fail to meet the requirements of Rule 9. Thus, the trial court did not err in granting the motion to dismiss in favor of A.H. Robins.
The trial court granted a motion to dismiss in favor of the Family Planning Clinic and the Mobile County Board of Health on the basis of the statute of limitations and sovereign immunity. We need not decide the sovereign immunity issue since the statute of limitations is dispositive. The Board of Health contends that the statute of limitations applicable to actions against medical institutions can in no event be commenced more than four years after the injury occurs. See Code 1975, §6-5-482. We do not need to address this issue since it is not essential to the resolution of this action. Even if § 6-2-3
extended the statute of limitations for actions against medical institutions, the complaint failed to allege fraudulent concealment sufficiently. Thus, even if the time for bringing an action under § 6-5-482 could be extended beyond four years, the complaint does not state sufficient grounds for such an extension under § 6-2-3. *Page 423 
The judgment of the trial court is affirmed.
AFFIRMED.
ALMON, EMBRY and ADAMS, JJ., concur.
TORBERT, C.J., concurs in the result.