Plaintiff-appellant, John Edward Lowe, brings this appeal following the Jefferson County Circuit Court's grant of summary judgment in favor of defendant-appellee, East End Memorial Hospital and Health Centers. We affirm.
The plaintiff's decedent, Nelmhlane Lowe, eight months pregnant, entered East End Memorial Hospital on November 13, 1980. Mrs. Lowe was diagnosed as having pregnancy toxemia and gastroenteritis. While undergoing treatment, Mrs. Lowe's blood pressure became greatly elevated and she suffered a seizure. Soon after this episode, Mrs. Lowe was transferred to University Hospital for further treatment, and it was discovered that her fetus was dead. Mrs. Lowe died on November 14, 1980. *Page 340 
Plaintiff, as the administrator of Mrs. Lowe's estate, filed suit on November 18, 1983, alleging negligence, wantonness, and breach of implied contract in the treatment of Mrs. Lowe. In addition, plaintiff alleged the following in paragraph four of his complaint:
 Plaintiff avers that he contacted the Defendants in 1981 and that the Defendant fraudulently concealed the conduct of the Defendants from Plaintiff and denied any role in the hospital's treatment of Plaintiff which may have caused Plaintiff's decedent's death and that Plaintiff discovered Defendant's false representation negligence [sic] within the last six months, to wit: July, 1983.
On December 15, 1983, defendant filed a motion to dismiss for failure of the plaintiff to state a claim upon which relief could be granted. A.R.Civ.P. 12 (b)(6). This motion was continued. Defendant moved for summary judgment on January 4, 1984, arguing that plaintiff's only cause of action was for wrongful death and was barred by the two-year time limitation for asserting this remedy. In response to defendant's summary judgment motion, plaintiff amended his complaint on March 14, 1984. Plaintiff's amendment partially states:
 Paragraph 4 is changed to state as follows: Plaintiff avers that he contacted the Defendant in 1981 and that the Defendant fraudulently concealed from the Plaintiff the conduct of the Defendant which resulted in the death of Plaintiff's decedent and gave rise to a cause of action of Plaintiff as administrator of the estate of Nelmhlane Lowe. Defendant denied any part of participation on their part [sic] causing the death when in fact they knew the same to be false. Defendant misrepresented and concealed these material facts to [sic] Plaintiff thereby resulting in Plaintiff being damaged by his reliance upon the representation of the Defendant. Plaintiff discovered in July of 1983 that representations of Defendant were false and that Defendant had fraudulently concealed facts giving rise to the cause of action.
The trial court, on March 16, 1984, after argument of counsel and consideration of the amended complaint, as well as medical records offered, granted summary judgment in favor of the defendant. The court held that the plaintiff's complaint was barred by the two-year limitation of the Alabama Wrongful Death Act, Code 1975, § 6-5-410, and that this time period could not be extended by asserting fraud as an alternative cause of action.
On appeal, plaintiff argues that although his action for wrongful death is time-barred, he has a viable cause of action for fraud pursuant to Code 1975, § 6-5-100 through § 6-5-102. Plaintiff asserts that subsequent to, and independent of, the alleged negligent acts of defendant, the defendant, through a letter written by hospital officer Ralph Clark in 1981, suppressed facts relating to the death of Mrs. Lowe and misrepresented facts as to the involvement of the defendant hospital in Mrs. Lowe's care.[1] As a result of the allegedly *Page 341 
misleading statements in the letter, plaintiff contends, he was caused to lose his cause of action under Code 1975, § 6-5-410. Furthermore, plaintiff argues that his fraud claim is tolled by Code 1975, § 6-2-3, which provides:
 In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have one year within which to prosecute his action.
Although plaintiff's theory is novel, we pretermit discussion of it inasmuch as any viable action for fraud would be negated by plaintiff's failure to adequately plead or support this cause of action in the present case.
On appeal from summary judgment, we must look to the same factors considered by the trial court in its ruling on the motion. Jehle-Slauson Construction Co. v. Hood-Rich Architects,435 So.2d 716 (Ala. 1983). In the instant case, the court relied upon the pleadings and medical records, the only
evidence presented with regard to the summary judgment motion. We also note that the judgment of the trial court will be upheld if the court's holding is correct, despite the fact that our reasons are different from those stated by the trial court.Kite v. Kite, 444 So.2d 863 (Ala.Civ.App. 1983).
Our holding in Miller v. Mobile County Board of Health,409 So.2d 420 (Ala. 1982), is helpful in reaching a decision in this case. In Miller, we affirmed the trial court's dismissal of the plaintiff's complaint, holding that the plaintiff's actions for fraud, misrepresentation, and fraudulent concealment were time-barred because of plaintiff's failure to allege specific facts about the defendant's fraudulent conduct or facts explaining what prevented plaintiff from discovering the facts giving rise to an action for fraud. Justice Faulkner, speaking for the Court, opined:
 When, as in this case, the plaintiff's complaint on its face is barred by the statute of limitations, the complaint must also show that he or she falls within the savings clause of § 6-2-3. Amason v. First State Bank of Lineville, 369 So.2d 547 *Page 342 
(Ala. 1979). See Associates Financial Services Co. v. First National Bank, 292 Ala. 237, 292 So.2d 112
(1974). Rule 9 of the Alabama Rules of Civil Procedure requires that fraud be alleged "with particularity." Garrett v. Raytheon Co., 368 So.2d 516 (Ala. 1979). . . . The complaint fails to allege any of the facts or circumstances by which the appellees concealed the cause of action or injury. The complaint also fails to allege what prevented Mrs. Miller from discovering facts surrounding the injury. See Amason v. First State Bank of Lineville, 369 So.2d 547 (Ala. 1979); Garrett v. Raytheon Co., 368 So.2d 516 (Ala. 1979). The plaintiffs make only generalized allegations to support their claim for fraudulent concealment. Although under modern rules of civil practice the pleadings only need to put the defending party on notice of the claims against him, Rule 9 (b) qualifies the generalized pleadings permitted by Rule 8 (a), ARCP. "The pleading must show time, place and the contents or substance of the false representations, the facts misrepresented, and an identification of what has been obtained." Rule 9 (b), ARCP. Committee Comments.
Miller v. Mobile County Board of Health, 409 So.2d at 422.
In the instant case, assuming arguendo that plaintiff may assert a fraud claim under these facts, we find that the allegations of plaintiff's complaint, as set out above, do not give rise to any facts that would toll the one-year statute of limitations for fraud. Code 1975, § 6-2-39. Moreover, plaintiff failed to make any factual showing on summary judgment that would activate the tolling provision of Code 1975, § 6-2-3. There is no evidence in the record before us to explain plaintiff's delay of over two and one-half years in discovering the facts giving rise to an action for fraud, and the burden is on the plaintiff to show that he comes within the § 6-2-3
tolling provision. Miller, supra; Amason v. First State Bank ofLineville, 369 So.2d 547 (Ala. 1979). Any possible action for fraud is time-barred. See Braggs v. Jim Skinner Ford, Inc.,432 So.2d 466 (Ala. 1983).
The judgment of the trial court is affirmed.
AFFIRMED.
FAULKNER, ALMON, SHORES and HOUSTON, JJ., concur.[2]
TORBERT, C.J., not sitting.
[1] Reprinted below is the correspondence upon which plaintiff relies to support his claim for fraud.
February 23, 1981
 Mr. John E. Lowe Route 1 Box 76-T McCalla, Alabama 35111
Dear Mr. Lowe:
 East End Memorial Hospital is very concerned about what happened to your wife and wishes to express its sympathy to you and your family. The matter has been investigated and we are continuing to investigate it. We are naturally concerned when anyone who is a patient at the hospital passes away. You asked for a copy of our investigation report. We have no formal report, so we have prepared this for you.
 Members of the public frequently do not understand the distinction between the role of the physician and the hospital. As a general rule, the hospital does not employ the physicians who treat patients at its facility and those physicians are independent contractors. The role of the hospital personnel is basically to follow the directions of the treating physician and assist the physician in treating a patient. The role of the physician is to diagnose the
 patient's condition and to prescribe treatment. We at the hospital are, therefore, not experts in diagnosis and in knowing what specific treatment is called for in any given situation. We must depend upon the physicians on the hospital staff for that. Another role that the hospital nurses play is to transmit information to the treating physician when things occur which the nurses feel should be brought to the attention of the treating physician when the physician is not at the hospital. With this in mind, we have interviewed the nurse who was on duty in the labor room. She, incidentally, was so shaken by the death of your wife, that she resigned her position at the hospital shortly after your wife passed away. We have determined through talking with her and from reviewing the entries which she and Dr. Gilmore made in the hospital records that she was in frequent contact with Dr. Gilmore throughout the evening, relaying information to him and requesting supplementary instructions from him. She talked to Dr. Gilmore by telephone at approximately 3:30 p.m. after your wife arrived at the hospital. Dr. Gilmore had requested a urinalysis. That was done and the results of the urinalysis were received at some time around 5:00 p.m. Dr. Gilmore visited the hospital and examined your wife personally at approximately 5:30 p.m. The medication order sheets show that the nurse contacted Dr. Gilmore for supplemental medication instructions at approximately 8:40 p.m. She was in touch with him again at 10:15 and again at 10:30 p.m. Then at approximately 11:45 p.m., she called Dr. Gilmore and he returned to the hospital.
 Mrs. Lowe's blood pressure elevated radically within a short period of time. The decision as to what treatment was necessary for that condition was Dr. Gilmore's. He can better explain to you than we the cause of the rise of her blood pressure and the cause of her death. As a part of our continuing investigation, we would like to obtain a copy of the pathology report from the autopsy and the University Hospital records so that we might better understand the cause of death. We are, therefore, requesting that you sign medical authorizations so that we can obtain it.
Sincerely yours,
 /s/ Ralph Clark Ralph Clark Assistant Vice President RC/kc
Attachments
This letter was not introduced by plaintiff in opposition to the defendants' motion to dismiss or motion for summary judgment and was first brought forward in plaintiff's brief on this appeal. Since the letter is not part of the record on appeal, it is not for our consideration.
[2] Although Houston, J., did not sit at oral argument, he has studied the briefs and listened to the tapes of oral argument.