**Helen D. GRIFFIN and Richard A. Griffin, Plaintiffs,**

v.

**PHAR–MOR, INC., et al., Defendants.**

**Civ. A. No. 91–1052–P–C.**

United States District Court,
S.D. Alabama, S.D.

April 29, 1992.

Peter F. Burns, Mobile, Ala., for plaintiffs.

Edward S. Sledge, III, Walter T. Gilmer, Jr., Mobile, Ala., for defendants.

### ORDER DENYING DEFENDANT PHAR–MOR'S MOTION TO DISMISS

PITTMAN, Senior District Judge.

This case is before this court on defendant Phar–Mor's motion to dismiss.  This

action was filed in Circuit Court on November 7, 1991, and removed to this court on the basis of diversity on December 26, 1991. The plaintiffs, Helen Griffin and Richard Griffin, claim that defendants (Phar–Mor and two pharmacists) misfilled a prescription for Mrs. Griffin on two occasions: October 13, 1989, and November 29, 1989. They claim negligence and wantonness on the part of the defendants. Defendant Phar–Mor filed a motion to dismiss all claims relating to the October 13 misfilling, arguing that these claims are time-barred by the two year statute of limitations in *Alabama Code* § 6–2–38(*l*). Docs. 5 & 6. Pursuant to 28 U.S.C. § 636(b)(1)(B) and this court's standing order, the motion to dismiss was referred to the Magistrate Judge, who recommends that the motion be granted. Doc. 14. After due and proper consideration of all relevant portions of this file, this court rejects the Report and Recommendation of the Magistrate Judge for the reasons set out below.

The Magistrate Judge is correct in concluding under Alabama law that the statute of limitations period for actions based on personal injury due to negligence and wantonness is two years, *Alabama Code* § 6–2–38(*l*), and that a negligence cause of action accrues as soon as the plaintiff is entitled to maintain the action, i.e., at the time of the first legal injury, regardless of whether the full amount of damages is apparent. Doc. 14 at 3–5. However, the Magistrate Judge erred in rejecting plaintiffs' argument that the statute of limitations should be tolled pursuant to *Alabama Code* § 6–2–3 and in finding that the cause of action with respect to the October 13, 1989, misfilling accrued on the date of the misfilling of the prescription.

"A motion to be dismissed should be granted only when it appears on the face of the complaint the plaintiff can prove no set of facts entitling him [or her] to relief." *Miller v. Mobile County Bd. of Health*, 409 So.2d 420, 422 (Ala.1981) (citing *Braggs v. Jim Skinner Ford, Inc.*, 396 So.2d 1055 (Ala.1981)). Therefore, for the purposes of this motion, the court takes the plaintiffs' allegations as true.

*Alabama Code* § 6–2–3 provides for the tolling of the statute of limitations in fraud actions until the fraud is discovered or should have been discovered, and Alabama case law has "construed the tolling provision of § 6–2–3 to apply not only to causes of action for fraud but also to the concealment of the existence of other types of causes of action where a party has a duty to disclose the information upon which the cause of action is based because of a confidential relationship between the parties or due to the presence of some special circumstances." *Hovater v. Equifax*, 823 F.2d 413, 415 (11th Cir.1987).

■ As a first basis for recommending that defendant's motion be granted, the Magistrate Judge states that plaintiffs' complaint did not allege fraudulent concealment, and therefore the basis for tolling the statute does not exist. Doc. 14 at 5 (citing *Sellers v. A.H. Robins Co.*, 715 F.2d 1559, 1561 (11th Cir.1983) *and Miller v. Mobile County Board of Health*, 409 So.2d 420, 422 (Ala.1981)). The Magistrate Judge continued that regardless of the failure to allege fraudulent concealment, the defendant's motion should be granted because the facts alleged in plaintiffs' response to the motion to dismiss do not support the conclusion that the statute should be tolled. The Magistrate Judge's reason is that there is no allegation that the defendant attempted to conceal, in a fraudulent manner, the fact that it had misfilled the prescription. The plaintiffs, in their response to the motion, claim that the statute was tolled because of defendants' fraudulent misrepresentation that the medicine in the bottle, maxide, was actually the medicine prescribed to Mrs. Griffin, micronase. The label on the medicine bottle indicated that it contained micronase. Mrs. Griffin was taking micronase for her blood sugar. Maxide is a blood pressure medicine. Mrs. Griffin, not realizing that the medicine she was taking was not micronase, followed her doctors orders and took four of the maxide pills a day. She became lethargic and unable to perform her daily functions, and on December 8, 1989, she went back to her doctor because of her condition. Later that day she started wondering if she had been

given the wrong medicine and called Phar–Mor. Phar–Mor checked its records and discovered that indeed she had been given the wrong medication, and informed Mrs. Griffin of that.

The plaintiffs have sufficiently alleged fraud by negligent or reckless misrepresentation of a material fact and by suppression of material facts.[1] *Alabama Code* § 6–5–101 states that "[m]isrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud." *Alabama Code* § 6–5–102 states that "[s]uppression of a material fact which the party is under an obligation to communicate constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case."

Plaintiffs allege that defendants negligently or recklessly misrepresented the contents of the medicine bottle they refilled by indicating on the label of the bottle that the bottle contained micronase instead of maxide. There was a misrepresentation (the mislabeling) of a material fact (that the prescription was misfilled) that was relied upon by the plaintiff (she took the medicine thinking it was micronase), and the plaintiff was injured by her reliance (her blood sugar rose dramatically, she became lethargic, and she became unable to do her daily routine).

Defendant seems to argue and the Magistrate Judge seems to accept the argument that the only fraud that will toll the statute is intentional fraud. This court could find no support for that position. In *Hudson v. Moore*, 239 Ala. 130, 194 So. 147, 149 (1940), the Supreme Court of Ala-

bama did repeatedly say, with respect to an earlier, substantially similar version of the § 6–2–3 tolling statute, that "[f]raudulent concealment implies knowledge of the facts concealed," but in this case the plaintiffs have alleged that the defendants knew the facts concealed—when Mrs. Griffin called the pharmacy on December 8, she was told that their records indicated that her prescription had been misfilled. According to plaintiffs' allegations, the information upon which the plaintiffs' action is based was contained in defendant Phar–Mor's files. Therefore, Phar–Mor had at least constructive knowledge of the facts allegedly concealed. The misrepresentation (mislabeling) was the reason that Mrs. Griffin did not learn of the accrual of her cause of action (defendants' allegedly negligent or reckless misfilling of the prescription). Defendant Phar–Mor's failure to communicate to Mrs. Griffin the fact that she received the wrong medicine was a suppression of a material fact, which material fact is a primary element of plaintiffs' cause of action.

■ Regarding whether there was a confidential relationship between the parties or sufficient special circumstances to establish a duty on the part of defendants to disclose the information upon which the cause of action is based, this court finds that the relationship between pharmacist and client is a sufficient special circumstance to impose such a duty.[2] To make the determination of whether there exists a duty to disclose information, "Alabama courts have examined the (1) relationship of the parties, (2) value of particular facts, and (3) relative knowledge of each party." *Dominick v. Dixie National Life Ins. Co.*, 809 F.2d 1559, 1569–70 (11th Cir.1987) (citations omitted).

---

1. The plaintiffs have twice amended their complaint since defendant Phar–Mor's motion to dismiss was filed. The original complaint contained two counts, one for negligence and one for wantonness. The original complaint did not contain a count of fraud. Doc. 1. Plaintiffs' second amended complaint did contain a count for reckless misrepresentation and a count for negligent misrepresentation. However, this court decides this motion with reference to the original complaint because the court finds that, even though the original complaint did not con-

tain a count of fraud, it did allege the facts and circumstances of fraud with the particularity required by *F.R.Civ.P.* 9(b).

2. Because this court finds that the relationship between pharmacists and their clients is sufficiently special to impose a duty to disclose, the court does not reach the issue of whether there exists a confidential relationship between pharmacists and their clients.

The relationship between a pharmacist and a client is one in which the client puts extreme trust in the pharmacist. In the usual scenario, as in this case, a doctor prescribes medicine for a patient, and the patient takes the prescription to a pharmacist to fill. The patient puts complete trust in the pharmacist to, *inter alia,* decipher the doctor's handwriting and fill the prescription in accordance with the doctor's orders. In Alabama, only licensed pharmacists are allowed to compound and dispense drugs. *Ala. Code* §§ 34–23–50, 34–23–13. Therefore, a patient wishing to fill a prescription is compelled to trust a pharmacist because the patient cannot legally have the prescription filled by a non-pharmacist.

This relationship of trust is reinforced by the esoteric nature of the pharmacist's profession. A person wishing to become a pharmacist must hold a professional degree in pharmacy from a school approved by the Alabama Board of Pharmacy, must complete a practical training course approved by the Alabama Board of Pharmacy, and must pass an examination administered by the Alabama Board of Pharmacy. *Ala. Code* § 34–23–51. Pharmacists possess important specialized knowledge that is possessed by few, if any, non-pharmacists, and it is this specialized knowledge that puts patients in the position of having to put complete trust and confidence in a pharmacist's skill. In this case, Mrs. Griffin put her confidence in defendant Phar–Mor's agents, both pharmacists, to utilize their specialized knowledge to fill her prescriptions pursuant to her doctor's orders.

The importance of the particular facts does not need to be explained in any great detail. In general, it is important that a person know the type of medicine the person is taking. For example, a person may be allergic to a particular medicine, or a person may need to inform another doctor of what medications the person is taking. Also, and this is another thing that patients depend on pharmacists to provide, a person needs to know the type of medicine he or she is taking so that the person can know what activities (i.e., drinking alcohol or dairy products) to avoid while taking the medication. In this specific case, taking

plaintiffs' allegations as true for the purposes of this motion, it was important that Mrs. Griffin know the type of medicine she was taking because that information could have prevented Mrs. Griffin from suffering the effects of taking that drug instead of the drug that was prescribed.

■ Also, the court notes that a pharmacist has a statutory duty to convey the contents of a bottle of medicine on the label of the bottle. *Ala. Code* § 34–23–8, entitled "Substitution of drugs or brands of drugs," states, in pertinent part, that:

No person shall dispense or cause to be dispensed a different drug or brand of drug in lieu of that ordered or prescribed without the express permission in each case of the person ordering or prescribing such drug, except as provided below:

(4) Unless otherwise indicated by the practitioner, the prescription label on the dispensing container shall indicate the actual drug product dispensed, either the brand name, or if none, the generic name; and the name of the manufacturer or a reasonable abbreviation of the name of the manufacturer.

This provision is in a chapter of the *Code of Alabama* entitled "Pharmacists and Pharmacies." *Ala. Code* §§ 34–23–1 to 34–23–118. This chapter provides great detail regarding the regulation of pharmacies and pharmacists, and the court finds that other provisions of the chapter indicate the special nature of the relationship between pharmacists and their clients. Section 34–23–2, entitled "Objects and purposes of chapter," states that:

The practice of pharmacy and the management and operation of pharmacies are hereby declared to affect the public health, safety and welfare of the people of Alabama, and thereby subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that only qualified persons compound or dispense drugs and medicines, and that pharmacies be managed in such a manner as to protect the public, and all provisions of this chapter shall be liberally

construed to carry out these objects and purposes.

Also, as stated above, only licensed pharmacists are allowed to compound and dispense drugs in Alabama. *Ala. Code* §§ 34-23-50, 34-23-13. Therefore, a patient wishing to fill a prescription is compelled to trust the skill and competence of a pharmacist because the patient cannot legally have the prescription filled by a non-pharmacist.

"The existence of a duty to disclose depends on the particular facts and circumstances of each case." *Dominick v. Dixie Nat. Life Ins. Co.*, 809 F.2d 1559, 1570 (11th Cir.1987) (citing *Coosa Valley Bank v. Taylor-Holmes Industries*, 420 So.2d 51, 54 (Ala.1982) (stating that "the special circumstances of each case require that the analysis of this type of alleged fraud be done on a case by case basis."). After reviewing the particular facts and circumstances of this case, including the fact of the special circumstance of the relationship between pharmacists and their clients, this court concludes that defendant Phar-Mor was under a duty to disclose to the plaintiffs the fact that Mrs. Griffin received the wrong medicine. Thus, defendant Phar-Mor's failure to disclose to Mrs. Griffin that she received the wrong medicine was a fraudulent concealment of the information upon which the cause of action is based.

▪ Therefore, section 6-2-3 tolls the running of the two year statute of limitations until plaintiffs discovered, or reasonably should have discovered, the existence of their causes of action. *Miller v. Mobile County Bd. of Health*, 409 So.2d 420, 421 (Ala.1981) (citing *Amason v. First State Bank of Lineville*, 369 So.2d 547 (Ala. 1979)). Plaintiffs allege that Mrs. Griffin did not discover that she received the wrong medicine until she called defendant Phar-Mor on December 8, 1989. This was less than two months after the October 13, 1989, misfilling of the prescription. "The question of when a party discovered or should have discovered the existence of a fraud is ordinarily one for the trier of fact." *Davis v. Brown*, 513 So.2d 1001, 1003 (Ala.1987) (citing *Sims v. Lewis*, 374 So.2d 298 (Ala.1979)). Therefore, the question of whether plaintiffs in this case should reasonably have discovered the alleged fraud before December 8, 1989, is a question that should be left to the jury and, therefore, not disposed of on this motion to dismiss.

Because two months is not as a matter of law an unreasonable amount of time for plaintiffs to have discovered the fraud, the court uses the December 8, 1989, date as the discovery date by which the court decides whether plaintiffs' claims relating to the October 13, 1989, misfilling are time-barred. Section 6-2-3 provides that "the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which [the aggrieved party] must have two years within which to prosecute his claim." Because for the purposes of this motion the court considers the cause of action to have accrued on December 8, 1989, the court finds that plaintiffs' claims relating to the October 13, 1989, misfilling are not time-barred because the complaint in this case was filed on November 7, 1991, which was less than two years after the discovery of the fraud.

Therefore, after due and proper consideration of all relevant portions of the file, this court REJECTS the Report and Recommendation of the Magistrate Judge and finds that defendant Phar-Mor's motion to dismiss the claims relating to the October 13, 1989, misfilling is due to be DENIED.