Although I concur in the reversal of the judgment on the pleadings as to Willis's conversion, negligence, and breach of contract claims, I must respectfully dissent from the reversal of the judgment on the pleadings on Willis's fraud and outrage allegations. Willis's complaint indicates only the date that her grandmother was buried in Mason City Cemetery (1931) and the date that Mason City Cemetery was incorporated into Shadow Lawn Memorial Park, Inc. (1939). She does state that certain representations concerning the maintenance of her grandmother's grave were made at the time of the incorporation in 1939.
Under Rule 9(b) of the Alabama Rules of Civil Procedure, allegations of fraud "shall be stated with particularity." The committee comments to the rule explain that "[t]he pleading must show time, place and the contents or substance of the false representations." Willis, in compliance with Rule 9(b), states the substance of the misrepresentations and the date they were made; however, from the face of the complaint, it appears that her fraud claim is clearly time-barred.
Ala. Code 1975, § 6-2-3, tolls the running of the two-year limitations period for a fraud action when the fraud is not discovered, and should not have been discovered, until after the period otherwise would have run. To come under the tolling provisions of § 6-2-3, the plaintiff must "show the time and the circumstances of the discovery of the alleged fraud."Blackmon v. Chrysler Motors Corp., 294 Ala. 426, 429,318 So.2d 286, 289 (1975) (quoting Associates Financial Services Co. v.First Nat'l Bank of Mobile, 292 Ala. 237, 292 So.2d 112
(1974)); see also Lowe v. East End Mem. Hospital HealthCenters, 477 So.2d 339, 342 (Ala. 1985); Miller v. MobileCounty Bd. of Health, 409 So.2d 420, 422 (Ala. 1981). However, nowhere in the complaint does Willis mention the date when she first discovered that her grandmother's grave was not being cared for, when it was "lost," or when another person was buried in it.
The facts alleged in the complaint affirmatively demonstrate that more than two years has passed since the date of the alleged fraud. See Ala. Code 1975, § 6-2-38(l) (two-year statute of limitations). If Willis had drafted her complaint in such a way as to indicate that the fraud was discovered within the past two years, thus bringing herself within the saving clause of § 6-2-3, her claims would survive the Rule 12(c), Ala. R. Civ. P., motion. See Lowe, 477 So.2d at 342; Miller, 409 So.2d at 422. However, her claims are barred by the statute of limitations. Because this court will affirm the judgment of a trial court if the judgment is correct for any reason, even if it is based on a wrong reason, MacLean v. Moon, 567 So.2d 349,350 (Ala.Civ.App. 1990), I would affirm the trial court's judgment on the pleadings on the fraud and outrage claims in Willis's complaint.