Julia M. Smith appeals from the trial court's order dismissing her claims against National Security Insurance Company ("National Security"). We affirm.
 Facts and Procedural History
On or about January 19, 1998, Don Murphy, a salesman for National Security, offered to sell Julia Smith a "hospital/accident" insurance policy for her minor son. Smith's son was eligible for Medicaid benefits. Smith asserted in her complaint that Murphy represented that "[the] policy would cover all of her minor son's medical bills incurred as a result of an accident, and despite being a recipient of Medicaid" and that Smith "needed the insurance policy for her son's protection." Smith notes that Murphy made these representations "even though, as a Medicaid recipient, her son would receive absolutely no benefit from this policy." Smith purchased the insurance policy and made premium payments until around August 2000, when she claims she heard there might be "something wrong" with her insurance policy.
On October 3, 2001, Smith sued National Security alleging: 1) fraudulent misrepresentation; 2) fraudulent suppression; 3) innocent/negligent/reckless misrepresentation; 4) negligent hiring and/or supervision of Murphy; 5) wanton hiring and/or supervision of Murphy; and 6) the tort of outrage. National Security filed a motion to dismiss, and on January 14, 2002, the trial court entered an order dismissing all counts other than those sounding in fraud. The order noted that Smith's complaint had not been filed within the two-year statutory limitations period for a fraud action but stated that a fraud claim "may survive if the alleged fraud was not discovered until the two year statute had run." Because Smith's complaint did not provide information as to when she discovered the alleged fraud, the trial court granted *Page 345 
Smith 20 days to amend the complaint "to allege the time of discovery of any fraud." The order also allowed National Security to renew its motion to dismiss based on the statute-of-limitations defense, if, after Smith amended her complaint, the defense still had merit.
On March 12, 2002, Smith was allowed to file her amended complaint, which stated in part: "In or around August of the year 2000, [Smith] heard in her community that there may be something wrong with her insurance policy and shortly thereafter, [Smith] contacted an attorney." National Security filed a motion to strike and/or to dismiss Smith's amended complaint based in part on the grounds that Smith's action was filed "more than two (2) years after [Smith's] alleged civil [cause of] action should or could have been discovered and, in fact, more than three (3) years after receipt of her policy." On September 3, 2002, the trial court entered an order dismissing Smith's remaining claims as barred by the "appropriate" statute of limitations. Smith filed a "motion to reconsider," which the trial court denied. Smith appealed.
 Standard of Review
In Nance v. Matthews, 622 So.2d 297 (Ala. 1993), this Court stated the standard of review applicable to a motion to dismiss:
 "On appeal, a dismissal is not entitled to a presumption of correctness. The appropriate standard of review under Rule 12(b)(6)[, Ala.R.Civ.P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle [it] to relief. In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [it] may possibly prevail. We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief."
Nance, 622 So.2d at 299 (citations omitted).
 Analysis
Smith argues that the statutory limitations period had not run on her fraud claims when she filed her complaint. She acknowledges the two-year statutory limitations period for fraud-based actions, § 6-2-3, Ala. Code 1975, but points out that the limitations period "does not begin to run until the plaintiff discovers or should have discovered the fraud." See Ala. Code 1975, § 6-2-3; Kelly v. Connecticut Mut. Life Ins.Co., 628 So.2d 454 (Ala. 1993). Smith contends that when a plaintiff discovered or should have discovered the fraud for the purposes of the limitations period is a fact question to be decided by a jury. LibertyNat'l Life Ins. Co. v. McAllister, 675 So.2d 1292, 1297 (Ala. 1995).
Smith argues in her brief to this Court that she "has not alleged one fact that would have put her on notice before the statute of limitations had run" and that her complaint alleges that she discovered National Security's fraud within two years of filing her action. Smith recognizes that a complaint must contain the time and circumstances of discovery of the alleged fraud to toll the running of the limitations period and thereby entitle a plaintiff to relief from the bar of the limitations period. Angell v. Shannon, 455 So.2d 823 (Ala. 1984); Rule 9(b), Ala.R.Civ.P. Smith contends that her amended complaint complies with the requirements of Rule 9(b) by providing the time and circumstances of her discovery of the alleged fraud. She points us to paragraphs 9 through 12, which state:
 "9. In or around August of the year 2000, [Smith] heard in her community that there may be something wrong with *Page 346 
her insurance policy and shortly thereafter, [Smith] contacted an attorney.
 "10. The fraud committed upon [Smith] is of a continuing nature, and said conduct has repeatedly and continuously injured [Smith] upon each premium payment. National Security's actions amounted to a single sustained method pursued in execution of their general scheme of fraudulent conduct.
 "11. At all times material hereto, Don Murphy was the agent and/or representative of Defendant National Security and was acting within the line and scope of his agency in dealing with [Smith].
 "12. [Smith] discovered the fraud within two (2) years of filing the lawsuit."
Smith's brief, pp. 8-9.
The amended complaint was filed in response to the trial court's order granting Smith 20 days to amend the complaint "to allege the time of discovery of any fraud." On its face, the amended complaint complies with the trial court's order. However that fact does not end our inquiry, because the trial court dismissed the amended complaint based on National Security's renewed motion to dismiss. In its renewed motion, National Security alleged that the complaint was untimely filed, "having been filed more than two (2) years after [Smith's] alleged civil [cause of] action should or could have been discovered and, in fact, more than three years after receipt of her policy." (Emphasis added.) It is thus undisputed that from the face of Smith's complaint her action is barred by the statute of limitations.
The standard applicable to efforts to save a complaint when the complaint on its face is barred by the statute of limitations was established in Miller v. Mobile County Board of Health, 409 So.2d 420
(Ala. 1981). In Miller, this Court held:
 "When, as in this case, the plaintiff's complaint on its face is barred by the statute of limitations, the complaint must also show that he or she falls within the savings clause of § 6-2-3. Amason v. First State Bank of Lineville, 369 So.2d 547 (Ala. 1979). See Associates Financial Services Co. v. First National Bank, 292 Ala. 237, 292 So.2d 112 (1974). Rule 9 of the Alabama Rules of Civil Procedure requires that fraud be alleged `with particularity.' Garrett v. Raytheon Co., 368 So.2d 516 (Ala. 1979)."
409 So.2d at 422.
The plaintiff in Miller attempted to escape the bar of the statute of limitations by pleading "`that Defendants committed fraud on Plaintiff by fraudulently concealing the defective and unreasonably dangerous condition of said product from Plaintiff after they knew said product was defective and dangerous.'" 409 So.2d at 422. Unlike Smith's complaint — where there is no reference to concealment — the complaint under consideration in Miller at least contained a reference to concealment. Nevertheless, this Court found the complaint in Miller to be deficient, stating:
 "The complaint fails to allege any of the facts or circumstances by which the appellees concealed the cause of action or injury. The complaint also fails to allege what prevented Mrs. Miller from discovering facts surrounding the injury. See Amason v. First State Bank of Lineville, 369 So.2d 547 (Ala. 1979); Garrett v. Raytheon Co., 368 So.2d 516 (Ala. 1979). The plaintiffs make only generalized allegations to support their claim for fraudulent concealment. Although under modern rules of civil practice the pleadings only need to put the defending party on notice of the claims against him, Rule 9(b) qualifies the generalized pleadings permitted by Rule 8(a), [Ala.R.Civ.P.] `The pleading must show time, place and the contents or substance of the false representations, the facts misrepresented, and an identification of what has been obtained.' Rule *Page 347 
9(b), [ Ala.R.Civ.P.], Committee Comments [on 1973 Adoption]. The allegations contained in count 6 fail to meet the requirements of Rule 9. Thus, the trial court did not err in granting the motion to dismiss in favor of A.H. Robins."
409 So.2d at 422. In Lowe v. East End Memorial Hospital HealthCenters, 477 So.2d 339 (Ala. 1985), the plaintiff alleged that the hospital had engaged in fraud, and the fraud had occurred outside the two-year limitations period. The complaint, filed in 1983, alleged that "`Plaintiff discovered in July of 1983 that representations of Defendant were false and that Defendant had fraudulently concealed facts giving rise to the cause of action.'" Lowe, 477 So.2d at 340. This Court, relying on Miller, concluded that the allegations in the complaint did not give rise to any facts relating to the plaintiff's discovery of the alleged fraud that would toll the running of the statutory limitations period. Lowe, 477 So.2d at 342.
Here, as in Miller, Smith's complaint "fails to allege any of the facts or circumstances by which the appellees concealed the cause of action or injury," and "fails to allege what prevented [Smith] from discovering facts surrounding the [fraud]." 409 So.2d at 422. Smith's general reference to the alleged fraud as being "of a continuing nature" is wholly lacking in specificity and equally deficient as a means of saving the action from the bar of the statute of limitations appearing on the face of the complaint.
While Smith did, in her amended complaint, give the trial court, as it requested, the time of the discovery of the fraud, the trial court's order is due to be affirmed based upon the aforementioned deficiencies in the amended complaint, notwithstanding the fact that Smith complied with the trial court's order allowing leave to amend. We cannot assume that the trial court, by allowing Smith leave to amend her complaint to state the time of her discovery of the alleged fraud, had concluded that the complaint was otherwise sufficient. Nor can we assume that the trial court adhered to that view when the renewed motion to dismiss, charging that Smith could have discovered that she had a claim within two years of the sale of the policy, was before it. But, even if we make such assumptions, "this Court `[can] affirm the judgment appealed from if supported on any valid legal ground.'" Smith v. Equifax Servs., Inc.,537 So.2d 463, 465 (Ala. 1988) (quoting Tucker v. Nichols, 431 So.2d 1263,1265 (Ala. 1983)).
Smith makes two final arguments in support of her contention that the trial court erred in dismissing her fraud claims against National Security. She asserts that the face of her complaint "clearly states a set of facts constituting fraudulent misrepresentations and suppressions." Smith further points out that before her claims were dismissed, there had been no discovery in the case. National Security had not responded to her discovery requests and no depositions had been taken. These arguments are pretermitted by the previous conclusion that Smith's fraud claims are outside the statutory limitations period of § 6-2-3 and that the complaint contains insufficient allegations that would justify relief from the bar of the limitations period.
 Conclusion
The trial court properly dismissed Smith's fraud claims against National Security. The trial court's order is affirmed.
AFFIRMED.
MOORE, C.J., and HOUSTON, HARWOOD, and WOODALL, JJ., concur. *Page 348