SHAW, Justice.
Evangeline Limón and Eladio Limón, the plaintiffs below, appeal from the trial court’s dismissal of their claims against the defendants, William Ellis Ogburn, Jr. (“Bill”), Sandra Sandlin, and William Og-burn (‘Will”) (sometimes hereinafter collectively referred to as “the defendants”), as untimely filed. We reverse and remand.

Facts and Procedural History

The plaintiffs’ daughter was, at all times pertinent hereto, a minor and was romantically involved with Will, who was also then a minor and who is Bill and Sandra’s son. It is alleged that during the course of their relationship, the plaintiffs’ daughter became pregnant by Will.[1] The pregnancy was purportedly concealed from the plaintiffs.
In December 2011, the defendants sought the permission of the plaintiffs to take the plaintiffs’ daughter on a trip to New York, purportedly to see Broadway shows and to meet some of Will’s family. According to the plaintiffs, however, the true purpose for the trip was for the plaintiffs’ minor daughter to obtain an abortion in New York, a state that had not enacted a parental-notification law applicable to minors seeking an abortion.[2] The plaintiffs’ daughter had the abortion while in New York, and the abortion was also allegedly concealed from the plaintiffs.[3]
According to the plaintiffs, “[u]pon returning from New York, [the] Plaintiffs’ daughter began acting distantly,” began using drugs, and ultimately “dropped out” of school. In or around May 2013, after the plaintiffs had allegedly gone “to great lengths to help her,” without success, the plaintiffs’ daughter disclosed the true circumstances of the December 2011 trip to New York.
On April 17, 2014, the plaintiffs sued the defendants, alleging negligence, “interfer *23 ence with parental rights,” the tort of outrage, and fraud. In response, Sandra and Will[4] moved for a more definite statement as to the plaintiffs’ fraud count and/or to dismiss the plaintiffs’ complaint on various grounds, including the ground that the claims were filed after the expiration of the applicable two-year limitations period. Anticipating the likelihood of a tolling argument by the plaintiffs, Sandra and Will specifically argued in their motion that, according to the allegations in the plaintiffs’ complaint, the change in the plaintiffs’ daughter’s behavior was noticeable immediately upon her return from the trip to New York in December 2011. Thus, according to Sandra and Will, the “[pjlain-tiffs had facts in late December 2011/early January 2012 that ‘upon closer examination,’ would have led to the discovery of the events complained-of’; therefore, they argued, the “savings clause” found in § 6-2-3, Ala. Code 1975,[5] did not apply to toll the two-year statute of limitations. At or around this time, Bill, appearing separately and pro se, filed an answer to the plaintiffs’ complaint.
In opposition to the motion, the plaintiffs argued that all of their claims were timely pleaded. They further contended that they first discovered — and were first able to discover — “the fraud that had. been perpetrated against them” in May 2013, when the plaintiffs’ daughter first informed them of what had actually occurred during the trip to New York.
On June 24, 2014, the trial court entered an order dismissing all of the plaintiffs’ claims, except the fraud count, as untimely.[6] The trial court subsequently dismissed the fraud count based on a finding that that count, as stated, lacked the specificity required by Rule 9(b), Ala. R. Civ. P.; however, as provided for in Rule 12(e), Ala. R. Civ. P., the trial court allowed the plaintiffs 10 days to file either a more definite statement of that particular claim or an amendment to their complaint.
In response, the plaintiffs filed an amended complaint reasserting the three previously dismissed claims and realleging the fraud claim with additional factual allegations detailing the defendants’ solicitation of the plaintiffs’ permission for the plaintiffs’ daughter to travel with them to New York. Sandra and Will moved to strike the three claims in the amended complaint that the trial court had previously dismissed and sought dismissal of the remaining fraud count pursuant to Rule 9(b) and also on the ground that it was untimely. Bill filed a pro se notice adopting Sandra and Will’s motion.
The trial court subsequently entered an order concluding that the plaintiffs’ fraud count was likewise untimely and due to be dismissed. As a result, the trial court dismissed the entire action with prejudice. The plaintiffs appeal.

Standard of Review

“‘[A] Rule 12(b)(6) dismissal is proper only when it appears beyond *24 doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.’ Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993) (citations omitted). ‘Next, the standard for granting a motion to dismiss based upon the expiration of the statute of limitations is whether the existence of the affirmative defense appears clearly on the face of the pleading.’ Braggs v. Jim Skinner Ford, Inc., 396 So.2d 1055, 1058 (Ala.1981) (citations omitted).”
Jones v. Alfa Mut. Ins. Co., 875 So.2d 1189, 1193 (Ala.2003).

Discussion

The plaintiffs maintain on appeal that the trial court erred in dismissing their claims as untimely because, they say, they could not reasonably have discovered the defendants’ deception until May 2013 and they sufficiently pleaded their fraud claim so as to bring that claim, as well as what they describe as their three “derivative” claims, within the savings clause found in § 6-2-3. See note 5, supra. Initially, we note, as the defendants also observe, that the plaintiffs’ contention that they sufficiently pleaded their fraud claim so as to comply with Rule 9(b) is not presently before us, and we make no determination in that regard, because the trial court’s stated reason for dismissing the fraud count was that that claim — like the plaintiffs’ other claims — was filed after the applicable limitations period had expired. As indicated on the face of their complaints, the plaintiffs’ fraud claim was based on conduct that occurred in December 2011; therefore, in the absence of tolling, the applicable two-year statute of limitations as to that particular claim would have expired in December 2013 — well before the plaintiffs filed the underlying action in April 2014. In support of their claim that they have sufficiently demonstrated their entitlement to application of the savings clause, the plaintiffs cite DGB, LLC v. Hinds, 55 So.3d 218, 226 (Ala.2010), and Papastefan v. B & L Construction Co., 356 So.2d 158 (Ala.1978).
Contrary to the plaintiffs’ contentions, the defendants maintain that the plaintiffs’ fraud claim accrued in either late December 2011 or January 2012, when, they contend, “[the alleged fraud] ought to have been discovered,” because, they argue, at that time the plaintiffs possessed “[f]acts which [would] provoke inquiry in the mind of a man of reasonable prudence, and which, if followed up, would have led to a discovery of the fraud.” Willcutt v. Union Oil Co. of California, 432 So.2d 1217, 1219 (Ala.1983). More specifically, the defendants note that DGB provides:
“Because § 6-2-3 applies to the fraudulent concealment of the existence of a cause of action, ... if the investors have sufficiently alleged the fraudulent concealment of their claims, § 6-2-3 may apply even to their non-fraud claims. This Court has stated: ‘When, as in this case, the plaintiffs complaint on its face is barred by the statute of limitations, the complaint must also show that he or she falls within the savings clause of § 6-2-3.’ Miller v. Mobile County Bd. of Health, 409 So.2d 420, 422 (Ala.1981). ‘[T]he burden is upon he who claims the benefit of § 6-2-3 to show that he comes within it.’ Amason v. First State Bank of Lineville, 369 So.2d 547, 551 (Ala.1979). However, a ‘dismissal based on the statute of limitations is proper only if, from the face of the complaint, it is apparent that the tolling provisions do not apply.’ Travis v. Ziter, 681 So.2d 1348, 1351 (Ala.1996).
“This Court has held that to show that a plaintiffs claims fall within the savings clause of § 6-2-3 a complaint must al *25 lege the time and circumstances of the discovery of the cause of action. See, e.g., Angell v. Shannon, 455 So.2d 823, 823-24 (Ala.1984); Papastefan v. B & L Constr. Co., 356 So.2d 158, 160 (Ala.1978). The complaint must also allege the facts or circumstances by which the defendants concealed the cause of action or injury and what prevented the plaintiff from discovering the facts surrounding the injury. See, e.g., Smith v. National Sec. Ins. Co., 860 So.2d 343, 345, 347 (Ala.2003); Lowe v. East End Mem’l Hosp. & Health Ctrs., 477 So.2d 339, 341-42 (Ala.1985); Miller, 409 So.2d at 422. See also Amason, 369 So.2d at 550.”
55 So.3d at 225-26 (emphasis added).
The plaintiffs argue that, in keeping with the requirements established by this Court in DGB and set out above, they properly alleged in their complaints
“(1) the circumstances surrounding the discovery of Defendants’ fraud — namely, their daughter ultimately disclosing the circumstances surrounding her abortion; (2) the facts and circumstances by which Defendants concealed their tortious conduct — namely, Defendants devising a plan to fraudulently obtain Plaintiffs’ permission [for the plaintiffs’ daughter] to accompany Defendants to New York while knowing the true purpose of the trip was to obtain an abortion without parental consent; and (3) what prevented Plaintiffs from discovering the tor-tious conduct of Defendants — namely, the nature of the ultimate achievement of the fraud, an abortion, and the type of psychological struggle Plaintiffs’ daughter was experiencing, prevented Plaintiffs from reasonably discovering the truth within two years of the initial fraudulent conduct.”
(Plaintiffs’ brief, at pp. 20-21.) We agree. Unlike generalized allegations of concealment, which this Court has previously deemed insufficient,[7] here, “the [plaintiffs] have alleged [much] more than just the circumstances of their discovery of their claims and that the defendants concealed them.” DGB, 55 So.3d at 227. As the plaintiffs point out, their original complaint, on its face, alleges that information regarding the nature of the New York trip and the abortion was concealed from them in 2011, alleges that their discovery of the injury within two years of the abortion was prevented by their daughter’s psychological struggle, and alleges that they did not have actual knowledge of the true circumstances of the trip to New York — and, thus, the claims arising from the defendants’ alleged conduct — until May 2013. Therefore, the plaintiffs’ “allege the facts or circumstances by which the defendants concealed [the plaintiffs’] causes of action or injury,” as well as the circumstances of the discovery of that concealment. DGB, 55 So.3d at 227. See Papastefan, 356 So.2d at 160 (“To withstand a motion to dismiss, it is necessary that a complaint show the time and circumstances of the discovery of the alleged fraud.” (citations omitted)).
Further, as the plaintiffs note, “[because § 6-2-3 applies to the fraudulent concealment of the existence of a cause of action, ... if [they] have sufficiently alleged the fraudulent concealment of their claims, § 6-2-3 may apply even to their non-fraud claims.” DGB, 55 So.3d at 225-26. As DGB explains:
“This Court has stated: ‘We have recognized that § 6-2-3 may be “applied to *26 other torts not arising in fraud in appropriate cases, and applies to a fraudulent concealment of the existence of a cause of action.” ’ Holdbrooks v. Central Bank of Alabama, N.A., 435 So.2d 1250, 1251 (Ala.1983) (quoting Tonsmeire v. Tonsmeire, 285 Ala. 454, 457, 233 So.2d 465, 467 (Ala.1970)). More specifically, this Court has explained, regarding a predecessor of § 6-2-3:
“ ‘While this statute is usually applicable to cases wherein fraud is the basis of the cause of action, it is the settled construction that its purpose is to make available at law the rule theretofore prevailing in equity; and applies to a fraudulent concealment of the existence of a cause of action from the party in whose favor the cause of action exists. A party cannot profit by his own wrong in concealing a cause of action against himself until barred by limitation. The statute of limitations cannot be converted into an instrument of fraud.’
“Hudson v. Moore, 239 Ala. 130, 133, 194 So. 147, 149 (1940) overruled on other grounds by Ex parte Sonnier, 707 So.2d 635 (Ala.1997) (emphasis added).”
55 So.3d at 224-25 (footnote omitted).
In light of the foregoing, and having concluded that the plaintiffs included sufficient allegations in their complaints of the defendants’ alleged fraudulent concealment so as to trigger the savings clause of § 6-2-3, we similarly conclude that the savings clause applies not only to the plaintiffs’ fraud count, but also to the remaining tort-based claims asserted in the plaintiffs’ complaint. Finally, although the defendants challenge the reasonableness of the plaintiffs’ inquiry following the return of the plaintiffs’ daughter from New York, as we noted in DGB, having concluded that the plaintiffs sufficiently alleged the facts and circumstances that prevented their discovery of their stated causes of action against the defendants, “[a]ny question regarding the reasonableness of the [plaintiffs’] actions or inaction is not yet before us.” 55 So.3d at 228.[8]

Conclusion

The dismissal of the plaintiffs’ claims on statute-of-limitations grounds was, at this stage of the proceedings, error. Accordingly, we reverse the order of dismissal and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MOORE, C.J., and STUART, PARKER, and WISE, JJ., concur.

. Although the record before us is unclear as to the exact age of the plaintiffs’ daughter at the time of her pregnancy, she was, apparently, at least 16 years of age in December 2011. See appellees’ brief, at p. 1.

. By contrast, § 26-21-3, Ala.Code 1975, specifically provides that, except in certain enumerated circumstances, "no physician shall perform an abortion upon an unemancipated minor unless the physician or his or her agents first obtain the written consent of either parent or the legal guardian of the minor."

.As best we are able to discern from the record, the abortion occurred on or around December 30, 2011.

. Bill, who was apparently divorced from Sandra when the motion was filed, did not join in the motion.

. Section 6-2-3, commonly known as Alabama’s “savings clause,” states:
"In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action.”

.The plaintiffs attempted to appeal the trial court’s dismissal of their tort-of-outrage, negligence, and "parental-interference" claims (case no. 1131273). By order issued on December 15, 2014, this Court dismissed the appeal on the ground that it was, in light of the pending fraud count, from a nonfinal judgment.

. See Smith v. National Sec. Ins. Co., 860 So.2d 343, 345, 347 (Ala.2003); Lowe v. East End Mem’l Hosp. & Health Ctrs., 477 So.2d 339, 341-42 (Ala.1985); and Miller v. Mobile Cnty. Bd. of Health, 409 So.2d 420, 422 (Ala.1981).

. We express no opinion as to the merits of the plaintiffs’ claims.