This is an appeal from a summary judgment.
The basic facts are as follows: Appellant applied to the Jefferson County Board of Zoning Adjustment (BZA) for a variance to maintain a house trailer on his property, which was zoned R-1 and did not allow for the maintenance of house trailers, while he constructed a home. His request was granted for one year on the condition that he remove the house trailer from the property as soon as he completed construction of his new residence on the property. *Page 350 
Following the expiration of the year, appellant had not begun construction of his new residence but was still living in the house trailer. Following repeated attempts to have the trailer removed, he applied for another three-year variance. The BZA denied the second variance request. Appellant then timely appealed the denial to the circuit court for a trial de novo pursuant to statutory authority.
Pending that appeal, the BZA ordered appellant to remove the house trailer. As a result of the BZA's action, appellant filed this new and separate action requesting equitable relief in the form of an injunction. Specifically, appellant requested an injunction against the BZA prohibiting it from enforcing the denial of the variance pending appellant's de novo appeal in the other circuit court proceeding.
Following the submission of opposing motions for summary judgment with supporting affidavits, the trial court entered summary judgment in favor of the BZA, finding:
 "The Plaintiffs have an adequate remedy at law in their appeal to the Circuit Court by applying for a stay of the decision of the Jefferson County Board of Zoning Adjustment and, therefore, the Plaintiffs are not entitled to equitable relief by way of an injunction in this action."
We note again that prior to the filing of appellant's complaint for equitable relief, he perfected his appeal on the variance denial to the circuit court in the other proceeding.
Following the adoption of the Alabama Rules of Civil Procedure in 1975, this state abolished the distinction between law and equity. A.R. Civ.P., Rule 2. Consequently, litigants are no longer required to present legal and equitable claims for relief in separate actions. Ex parte Reynolds,436 So.2d 873 (Ala. 1983).
In other words, appellant can obtain the equitable relief he seeks as well as legal relief in one proceeding. That is the very essence of our rules of civil procedure.
Thus, the trial court's grant of summary judgment was proper. We note that our affirmance of the trial court's decision is based on a different legal theory than that employed by the trial court. However, where the trial court reaches the right result for the wrong reason, we will affirm. Bennett v.Bennett, 454 So.2d 535 (Ala. 1984).
AFFIRMED.
INGRAM, P.J., concurs.
RUSSELL, J., concurs in result only.