Russell Brad Fabré and Carol Denise Fabré sued State Farm Automobile Insurance Company (hereinafter "State Farm") and its agent, Lamar Westbury, alleging a fraudulent misrepresentation. This fraud action is the second action these plaintiffs have filed related to an August 1987 motor vehicle accident. The allegation of misrepresentation followed State Farm's refusal to pay certain chiropractic bills incurred because of injuries the Fabrés sustained in the accident; the accident was caused by a State Farm policyholder. The trial court determined that the claim was barred by the applicable statute of limitations and entered a summary judgment for State Farm. The Fabrés appeal.
The Fabrés argue that there is a genuine issue of material fact as to whether their claim is barred by the statute of limitations and that the trial court thus erred in entering the summary judgment for State Farm.
A summary judgment is proper and must be affirmed where there exists no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. If the moving party makes a prima facie showing that there is no genuine issue of material fact, the nonmoving party must rebut that showing by presenting substantial evidence creating such an issue of fact requiring resolution by a jury. West v. Founders life Assurance Co. of Florida,547 So.2d 870 (Ala. 1989). "[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact to be proved." West 547 So.2d at 871.
Following the automobile accident, the Fabrés sued the State Farm policyholder, alleging negligence. The Fabrés allege in their present fraud action that, following the accident, State Farm agent Lamar Westbury contacted Vinemont Chiro Care (hereinafter "Chiro Care") and stated that State Farm would pay for the chiropractic treatment the Fabrés sought. The Fabrés thereafter received chiropractic treatments at Chiro Care and incurred charges totaling $1,200. On May 23, 1988, Chiro Care sent the Fabrés a bill for these treatments; the Fabrés did not pay or otherwise respond to the bill. The Fabrés did not respond to the additional bills Chiro Care sent in August 1988, October 1988, November 1988, May 1989, and June 1989. In December 1989, Chiro Care sent the Fabrés a certified letter requesting payment of their debt; the Fabrés received this letter but did not respond. In May 1990, Chiro Care sued the Fabrés in the small claims court, seeking payment of the debt; the court entered a default judgment for Chiro Care in the amount of $1,256.
In May 1992, the Fabrés settled their negligence action against the State Farm policyholder responsible for causing the accident. On May 19, 1992, the Fabrés filed this fraud action against State Farm, alleging that State Farm, through its agent Lamar Westbury, had misrepresented that the Chiro Care bill would be paid by State Farm and alleging that the Fabrés had relied on this misrepresentation in failing to pay the bills that Chiro Care had repeatedly sent to them. The Fabrés thus sued almost four years after they had received the first bill from Chiro Care.
An action for fraudulent misrepresentation is subject to a two-year statute of limitations. Ala. Code 1975, § 6-2-38. A fraud claim accrues when the plaintiff discovers the fraud or when the plaintiff should have discovered the fraud in the exercise of reasonable care. Hickox v. Stover, 551 So.2d 259
(Ala. 1989). A fraud is deemed to have been discovered when it ought to have been discovered; that is, at the time of the discovery of facts that, on the part of a person of ordinary prudence, would provoke inquiry that, if followed up, would lead to the discovery of the fraud. Hickox. The question of when a plaintiff discovered an alleged fraud *Page 169 
is usually a question of fact for the jury to determine; however, fraud is discovered as a matter of law when one receives documents that would put one on notice of the fraud.Hickox.
The record shows that before May 19, 1990, the Fabrés received repeated notices of the unpaid Chiro Care bill, received a certified letter demanding payment of the bill, and were the defendants in an action to collect the bill. In order to come within the "saving clause" of § 6-2-3, Ala. Code 1975, the Fabrés were required to show what prevented them from discovering the alleged fraud and to acquit themselves of all knowledge of facts that would have put them on notice that State Farm had intentionally failed to pay the bills that it allegedly represented it would pay. The Fabrés did not present such evidence; in opposition to the summary judgment motion, the Fabrés merely presented the affidavit of their own attorney, who averred that, in his opinion, the Fabrés did not discover the fraud until a time within less than two years before they sued. This affidavit was not substantial evidence to rebut State Farm's prima facie showing that the Fabrés received notice of the unpaid bills before May 19, 1990.
Accordingly, the summary judgment is affirmed.
AFFIRMED.
MADDOX, ALMON, ADAMS, HOUSTON, KENNEDY and INGRAM, JJ., concur.