System Dynamics International, Inc. ("SDI"), sued Dr. William H. Boykin, Jr., alleging that Boykin had breached his fiduciary duty as a shareholder, director, and chief executive officer of SDI. SDI sought from Boykin reimbursement of funds that SDI had paid to the Internal Revenue Service pursuant to an audit and a subsequent tax assessment. The assessment was a result of certain payments Boykin had had SDI make to Boykin as CEO of SDI. The IRS disallowed a portion of the payments as business deductions and assessed SDI accordingly.
Boykin asserted the statute of limitations as a defense against SDI's claim of a breach of fiduciary duty, arguing that SDI had filed its complaint more than two years after the accrual of the cause of action. The applicable limitations period for a claim alleging breach of fiduciary duty by a corporate officer and director is two years, pursuant to Ala. Code 1975, § 6-2-38. The trial court granted Boykin's motion for a summary judgment, on the grounds that the statute of limitations barred the claim.
To enter a summary judgment, the trial court must determine (1) that there is no genuine issue as to any material fact, and (2) that the moving party is entitled to a judgment as a matter of law. Rule 56, Ala. R. Civ. P.; Berner v. Caldwell,543 So.2d 686 *Page 420 
(Ala. 1989). The standard of review applicable to a summary judgment is the same as the standard for granting the summary judgment motion: we must determine whether there is a genuine issue as to any material fact and, if not, whether the movant was entitled to a judgment as a matter of law. This Court must review the record in the light most favorable to the nonmovant and must resolve all reasonable doubts against the movant.Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala. 1990).
SDI argues that its cause of action had accrued no more than two years before it filed its complaint and, therefore, that its action is not barred by the two-year statute of limitations.
SDI was notified by the IRS on July 23, 1992, that the IRS was disallowing as business deductions a portion of the payments Boykin had caused SDI to make to him in previous years. The IRS assessed SDI for back taxes and penalties. From this point, SDI protested the IRS tax assessment, which was eventually settled for a lesser amount on August 13, 1993. The payments SDI had made to Boykin were made during the tax years ending June 30, 1989, 1990, and 1991. Thus, all the payments in dispute were made on or before June 30, 1991. SDI filed its complaint on May 5, 1994.
Boykin argues that SDI's cause of action for breach of fiduciary duty accrued when SDI made the payments to him, i.e., on or before June 30, 1991. Boykin argues that the legal injury suffered by SDI was the loss of SDI's funds when they were paid to Boykin. Boykin argues that at that time SDI could have sued Boykin for breach of fiduciary duty. Boykin says the tax assessment paid by SDI was merely the payment of taxes that had been due for 1989, 1990, and 1991 — taxes that had not been paid because of the claimed deduction for the payments to Boykin.
Boykin cites Jackson v. Secor Bank, 646 So.2d 1377 (Ala. 1994), in support of his argument that SDI's cause of action accrued on or before June 30, 1991. In that case, Jackson's action against Secor was held to have accrued when he suffered damage. Jackson had in 1987 deposited money with Secor in what he believed to be a tax-deferred account. At the end of 1987, Secor sent him a Form 1099 indicating that it would report to the IRS the interest earned on the account. Jackson met with his accountant, discovered that his money was not in a tax-deferred account, moved his money into a tax-deferred account, filed his 1987 tax return without reporting the earned interest, and listed the Secor account as a tax-deferred account on his 1987 tax return. This Court held that Jackson had suffered damage and that his cause of action had accrued when he filed his 1987 tax return even though he was not assessed taxes by the IRS until 1990. Id.
This Court held in Jackson: "The trial judge properly concluded that Jackson incurred an injury or damage — 'a liability of admittedly, an unknown amount, but it was a liability which is a damage' — more than two years before he filed his complaint. Jackson clearly suffered damage when he filed his 1987 federal income tax return on April 14, 1988." 646 So.2d at 1379.
The dispositive issue presented in the present case is when SDI's cause of action against Boykin accrued and when the applicable statutory limitations period began to run.
Jackson is distinguishable from the present case by the fact that when Jackson received the Form 1099 interest statement from Secor and was told by his CPA that the money was not in a tax-deferred account, Jackson knew he had incurred damage in 1987. In the present case, SDI did not know it would be assessed taxes and penalties for the payments made to Boykin until, at the earliest, July 23, 1992, when notification was given by the IRS. It was not clear when SDI made the payments to Boykin during the tax years 1989, 1990, and 1991 that SDI had suffered damage; therefore, the cause of action for breach of fiduciary duty had not then accrued. The act of paying money to Boykin as CEO of SDI did not result in injury or damage to SDI until the assessment by the IRS on July 23, 1992. It was at this time that SDI's cause of action accrued and the two-year limitations period began to run. *Page 421 
A cause of action accrues when the party in whose favor it arises is entitled to maintain an action. McWilliams v. UnionPacific Resources Co., 569 So.2d 702 (Ala. 1990). The period allowed by the statute of limitations is to run from the date of the accrual of a cause of action, not from the date of the occurrence of the act that provides the basis for the cause of action. Jones v. Blanton, 644 So.2d 882, 887 (Ala. 1994), citing Michael v. Beasley, 583 So.2d 245 (Ala. 1991).
In Garrett v. Raytheon Co., 368 So.2d 516 (Ala. 1979), this Court held: "If the act of which the injury is the natural sequence is of itself a legal injury to plaintiff, a completed wrong, the cause of action accrues and the statute begins to run from the time the act is committed. . . ." 368 So.2d at 519 (quoting earlier cases). This Court had applied the reasoning used in Garrett to hold that in situations where the act itself is not a legal injury, not a completed wrong, and the plaintiff's injury comes only as a result of what the defendant has done, the cause of action accrues and the limitations period begins to run when damage is sustained. See West PrattCoal Co. v. Dorman, 161 Ala. 389, 49 So. 849 (1909); CoronaCoal Co. v. Hendon, 213 Ala. 323, 104 So. 799 (1925); HomeInsurance Co. v. Stuart-McCorkle, Inc., 291 Ala. 601,285 So.2d 468 (1973). There was no "completed wrong" until the IRS assessed SDI for the taxes and penalties. SDI did not know if the IRS would allow the payments to Boykin as business deductions, would disallow a portion of the payments, or would disallow all of the payments. At best there existed potential
tax liability and consequences when the payments were made to Boykin. As stated above, in the end the IRS disallowed only a portion of the payments.
We also note that SDI and Boykin entered into an agreement on May 18, 1992, whereby SDI released Boykin from all liability to SDI except for any tax liability SDI might incur in the future to the IRS in regard to the money that had been paid to Boykin. As stated previously, before July 23, 1992, SDI had no notice that the IRS would assess taxes and penalties. We conclude that SDI filed its claim within the time allowed for the commencement of an action for breach of fiduciary duty. Therefore, the summary judgment in favor of Boykin is reversed and the cause is remanded.
REVERSED AND REMANDED.
HOOPER, C.J., and SHORES and COOK, JJ., concur.
BUTTS, J., concurs in the result.
MADDOX, J., dissents.