SAM A. BEATTY, Retired Justice.
The plaintiffs, Rodney W. Lambert and his wife, Sindilee J. Lambert, appeal from a summary judgment entered for the defendants, Bill Heard Chevrolet Company, Mercury Finance Corporation of Georgia, and Ted Wallace. The trial court entered the summary judgment on the basis that the Lamberts’ fraud action was barred by the statute of limitations. Our supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975. We reverse and remand.
The Lamberts were shopping for an automobile at Bill Heard Chevrolet in February 1992. They picked out an automobile and put a deposit on it on February 26, then returned to the dealership on February 29 to complete the paperwork necessary to purchase the automobile. Bill Heard Chevrolet had arranged for Mercury to finance the Lamberts’ purchase. The salesman reviewed the loan documents, which had already been prepared, with the Lamberts. The Truth-in-Lending disclosure statement reflected charges of $236.45 for credit life insurance and $485.92 for disability insurance. Mr. Lambert says he told the salesman he did not need the insurance, but, the Lamberts say, the salesman told them the insurance was required in order to finance the automobile with Mercury. The Lamberts then met with Wallace, lot manager of the dealership, who, they say, also told them that the insurance was necessary if they wanted to finance the purchase of the automobile. The Lam-berts say that they signed the documents presented to them, but that they did not read them. The documents provided that the purchase of credit life insurance and disability insurance was voluntary.
In late 1994, the Lamberts were contacted as potential witnesses in another ease alleging that fraudulent representations about the need for credit life insurance and disability insurance had been made to automobile purchasers who financed their purchases. At that time, the Lamberts say, they learned that credit life insurance and disability insurance could not be required in financing an automobile purchase. They filed their complaint in February 1995. Bill Heard Chevrolet and Wallace moved for a summary judgment, arguing that the statute of limitations barred the Lamberts’ claims. The trial court set their motion for a hearing. Mercury later moved for a summary judgment also. At the hearing on the motion filed by Bill Heard Chevrolet and Wallace, the Lamberts agreed that a ruling in favor of those two defendants on the statute of limitations question would be dispositive as to Mercury as well. The court entered a summary judgment for all three defendants, holding that the action was barred by the statute of limitations.
*17 The issue on appeal is whether the statute of limitations barred the Lamberts’ action.
A fraud action is subject to the two-year statute of limitations found in § 6-2-38(1), Ala.Code 1975. The two-year period begins to run when the plaintiff discovers, or should have discovered, the fraud. § 6-2-3, Ala.Code 1975; Kelly v. Connecticut Mut. Life Ins. Co., 628 So.2d 454 (Ala.1993). Normally, the question of when the plaintiff discovered, or should have discovered, the fraud is reserved for the jury. Kelly, 628 So.2d at 458. That question should be taken from the jury and decided as a matter of law only in cases where the plaintiff actually knew of facts that would have put a reasonable person on notice of fraud. Hicks’ v. Globe Life & Accident Ins. Co., 584 So.2d 458 (Ala.1991).
The Lamberts rely on Hicks to support their argument that a jury should be allowed to decide when they should have discovered the alleged fraud. They contend that the statute of limitations did not begin to run until they actually knew of facts that would have put them on notice of the possible existence of fraud; i.e., when they were contacted about being witnesses in another case. In Hicks, the plaintiff purchased an insurance policy from Globe Life and Accident Company in 1985; it was represented to her as a major medical policy. In 1989, after the plaintiff underwent open-heart surgery, Globe refused to pay the claims she submitted, because her policy did not provide major medical coverage. The plaintiff sued within eight months of Globe’s denial of her claims. The plaintiff admitted that “had she bothered to take the time to read either the application or the policy itself upon its delivery, she would have understood exactly what it stated and what coverage was provided.” 584 So.2d at 461. Furthermore, the plaintiff was not someone with limited education,- but was a registered nurse and had taken post-graduate college courses. In Hicks, our supreme court determined that the question whether the plaintiff should have discovered the alleged fraud when she received the policy was a question for the jury. The court stated:
“To hold otherwise would be to nullify the saving provision of Ala.Code 1975, § 6-2-3, in eases where the alleged tort-feasor gives the consumer a written document. Such a holding is contrary to the purpose of the saving provision and the spirit of this Court’s recent cases wherein the burden in consumer fraud cases has rightfully been shifted to the one allegedly committing the fraud.”
584 So.2d at 463-64. The Lamberts argue that they should be allowed to present to a jury the question whether documents they received, but did not read, should have put them on notice of fraud so as to begin the running of the statutory period of limitations.
The defendants argue that because the documents the Lamberts signed stated that the purchase of credit life insurance and disability insurance was not a financing requirement, the Lamberts should have discovered the fraud upon receiving the documents, i.e., in February 1992. The defendants rely on Hickox v. Stover, 551 So.2d 259 (Ala.1989), in which our supreme court stated that fraud is discoverable as a matter of law for purposes of the statute of limitations when the plaintiff receives documents reasonably sufficient to put one on notice of fraud. They also rely on several eases decided after Hicks. In each, our supreme court determined that the plaintiff had received documentation that would have put a reasonably prudent person on notice of the alleged fraud. See, e.g., Jackson v. Secor Bank, 646 So.2d 1377 (Ala.1994); Kelly, 628 So.2d at 458; Fabré v. State Farm Mutual Auto. Ins. Co., 624 So.2d 167 (Ala.1993); Gray v. Liberty Nat’l Life Ins. Co., 623 So.2d 1156 (Ala.1993). Those cases are distinguishable, however, from Hicks.
In Jackson, the plaintiff complained that the bank had deposited funds into the wrong type of account, thereby causing him adverse tax consequences. The evidence indicated that the plaintiff had been advised by his accountant about the account in 1988 and that he had written a letter to the bank in 1988 complaining about the bank’s action. He did not, however, file his complaint until 1991. The court held that the statute of limitations barred his action because his complaint was filed more than two years after he had actually discovered the alleged fraud. 646 So.2d at 1379.
*18 In Kelly, the plaintiff alleged that he was told in 1988 that dividends from an existing insurance policy would pay the premiums on a new policy. In April 1989, he received a notice from the company stating that both dividends and cash value from the existing policy would be necessary to pay the premiums on the new policy, and he signed the papers authorizing a loan against the existing policy. The court held that in 1988 and April 1989, he had actual knowledge that would have put a reasonable person on notice of fraud, and, therefore, that his May 1991 complaint was time-barred. 628 So.2d at 459.
In Fabré, the plaintiffs alleged that their insurance agent had represented to them that their insurance policy would pay bills for chiropractic treatment. From May 1988 through June 1989, they received statements relating to unpaid chiropractic bills. Their account was sent to a collection agency in late 1989, and they were sued in the small claims court in May 1990. They filed their complaint in 1992. The court held that notice to them that there were unpaid bills constituted actual notice of the alleged fraud more than two years before the plaintiffs filed their complaint. 624 So.2d at 169.
In Gray, an insurance company improperly withdrew funds from the plaintiffs bank account over a 12-year period. The plaintiffs son had purchased a policy, the premium on which was paid by a monthly bank draft from the plaintiffs account. The plaintiff, however, had not authorized the draft. He had. received a copy of the unauthorized draft instrument, cancelled drafts, and a bank statement each month reflecting the draft. The court held that the plaintiff should have discovered the alleged fraud in 1978 or within a year thereafter, and that his 1990 complaint was therefore time-barred. 623 So.2d at 1159.
In each of those cases, the plaintiffs had actual knowledge of facts that should have alerted them to the possibility of fraud. The defendants had not merely given those consumers a written document that contradicted the alleged representations. We believe that Hicks is more closely analogous to the case before us.
The Lamberts were a young couple purchasing an automobile for the first time. Their testimony indicates that they needed an automobile to replace one that had worn out, and that when faced with the representation that credit life insurance and disability insurance were necessary in order to obtain financing, they signed the documents presented to them, as instructed. They admit that they did not read the documents they signed at the dealership. We do not determine whether it was reasonable for the Lam-berts to rely upon the representations they say were made to them at the dealership. Based on the authority of Hicks, we conclude that that is a question for a jury to decide. See also Benton v. Paul Revere Life Ins. Go., 858 F.Supp. 1112 (M.D.Ala.1994).
Mercury also argues that the Lamberts failed to present substantial evidence that it had an agency relationship with Bill Heard Chevrolet or with Wallace. The trial court based its summary judgment solely on the ground that the statute of limitations barred the Lamberts’ claims against all defendants. It has not yet addressed Mercury’s argument that no agency relationship existed. That question is not properly before this court; consequently, we do not address it.
The question of when the Lamberts should have discovered the alleged fraud, i.e., when the running of the statutory limitations period began, should be decided by a jury. Accordingly, we reverse the summary judgment and remand the case for further proceedings consistent with this opinion.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
All the Judges concur.