709 So.2d 1241 (1998)
Dr. Janice WILLIS
v.
SHADOW LAWN MEMORIAL PARK, et al.
2961287.
Court of Civil Appeals of Alabama.
January 23, 1998.
*1242 K. Stephen Jackson and F. Page Gamble of Jackson, Garrison & Sumrall, P.C., Birmingham, for appellant.
Robert M. Girardeau of Huie, Fernambucq & Stewart, Birmingham, for appellees.
ROBERTSON, Presiding Judge.
Dr. Janice Willis appeals from a judgment on the pleadings entered by the Jefferson County Circuit Court in her civil action against Shadow Lawn Memorial Park, Shadow Lawn Enterprises, and Michael Powell ("the defendants"). We reverse and remand.
Willis filed her complaint in the trial court on August 29, 1996, stating claims of fraud, conversion, breach of contract, negligence, wantonness, and intentional or reckless infliction of emotional distress. The defendants filed a motion to dismiss, which was denied, and later answered the allegations of the complaint.
The defendants then moved for a judgment on the pleadings, pursuant to Rule 12(c), Ala.R.Civ.P. In both their motion and their brief in support thereof, the defendants contended that the incidents giving rise to Willis's claims had occurred more than 20 years before the filing of the complaint, and that her claims were therefore barred by the common-law rule of repose. Willis filed a responsive brief in opposition, arguing that the rule of repose did not apply to her claims. Thereafter, the trial court granted the defendants' motion, opining that Willis's claims were due to be dismissed as a matter of law under the rule of repose. Willis appealed to the Alabama Supreme Court; that court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
Our standard of review with respect to judgments on the pleadings entered pursuant to Rule 12(c), Ala.R.Civ.P., is as follows:
"`A Rule 12(c) motion for judgment on the pleadings disposes of a case when the material facts are not in dispute.' McCullough v. Alabama By-Prods. Corp., 343 So.2d 508, 510 (Ala.1977). `When such a motion is made, the trial court reviews the pleadings filed in the case and, if the pleadings show that no genuine issue of material fact is presented, the trial court will enter a judgment for the party entitled to a judgment according to the law.' B.K.W. Enterprises, Inc. v. Tractor & Equip. Co., 603 So.2d 989, 991 (Ala.1992). Moreover, a judgment on the pleadings is subject to de novo review, and the facts in the complaint are to be accepted as true and are to be viewed in the light most favorable to the nonmoving party. See Ortega v. Christian, 85 F.3d 1521, 1524-25 (11th Cir.1996)."
Harden v. Ritter, 710 So.2d 1254, 1255-56 (Ala.Civ.App.1997).
The facts in the complaint, viewed in the light most favorable to Willis, are as follows. On January 15, 1931, the body of Willis's grandmother, Sadie White, was interred at Mason City Cemetery pursuant to a burial contract providing that, among other things, White's heirs would have exclusive use and control over the purchased grave site and that Mason City Cemetery would furnish perpetual care for the grave site. In 1939, the grounds of Mason City Cemetery were incorporated into Shadow Lawn Memorial Park, a cemetery owned and operated by the defendants, and the defendants assumed the obligations of Mason City Cemetery under the parties' burial contract. At the time Mason City Cemetery was incorporated into Shadow Lawn Memorial Park, the defendants represented that the grave sites of those persons buried in Mason City Cemetery would not be disturbed, and that the cemetery would be properly maintained. At the same time, the defendants suppressed the facts that they would not provide the documentation of the grave site to Willis, and that they would not perpetually care and maintain the site.
Relying upon these representations and suppressions, Willis made no attempt to maintain the site and the nearby area herself; instead, she entrusted the defendants with the maintenance of White's grave site *1243 and with the responsibility of retaining identifying information concerning the location of the site. However, since the incorporation of Mason City Cemetery, Willis has visited Shadow Lawn Memorial Park on several occasions and has been unable to find White's grave site. Although she and other family members have questioned the caretakers at Shadow Lawn Memorial Park concerning the location of White's grave, none of the caretakers has provided this information. Additionally, the defendants have failed to maintain the premises, have failed to care for White's headstone and grave marker, and have sold the same grave site to someone else and interred another body there.
The rule of repose relied upon by the defendants and by the trial court was summarized by the Alabama Supreme Court in Ex parte Grubbs, 542 So.2d 927 (Ala.1989), as follows:
"In Alabama, there is ... a rule of repose or prescription by which an action not instituted for more than 20 years is absolutely barred. This rule is similar to, but broader than, a statute of limitations, and is not affected by it, nor dependent upon it. Its application is not affected by the circumstances of the situation, by whether prejudice has resulted, by whether evidence has become obscured, or by the status of the parties. The only element of the rule is time. Only a recognition by the defendant of the plaintiff's subsisting and continuing right will stay the running of the prescriptive period."
542 So.2d at 930 (citations omitted).
However, this 20-year period does not start to run until a plaintiff's cause of action has accrued. The common-law rule of repose "is couched in terms of the `running of the period against claims,' `absolute bar to unasserted claims,' `lack of diligence in asserting rights,' `sleeping upon their rights,' etc.," and "is premised upon the pre-existing right to assert a claim." Boshell v. Keith, 418 So.2d 89, 92 (Ala.1982) (emphasis in original). Thus, the rule of repose "bars actions that have not been commenced within 20 years from the time they could have been commenced." Tierce v. Ellis, 624 So.2d 553, 554 (Ala.1993) (emphasis added).
Conspicuous in its absence from the complaint is any allegation concerning the time that any of Willis's claims accrued.[1] While the complaint alleges that the defendants have breached the burial contract, there is no indication that this breach necessarily took place more than 20 years before the filing of Willis's complaint so as to implicate the rule of repose. All that may be gleaned from the pleadings is that a breach of the burial contract occurred on or before the date the complaint was filed.[2] Likewise, the complaint does not allege that the defendants' alleged negligence, wantonness, outrageous conduct, or conversion took place more than 20 years before the filing of the complaint. Finally, there is no indication in the complaint of the date upon which Willis's fraud claims accrued, i.e., when she first incurred damage as a result of the defendants' alleged representations and suppressions in 1939. See Jackson v. Secor Bank, 646 So.2d 1377, 1379 (Ala.1994); Ala.Code 1975, § 6-5-100.
Reviewing the trial court's judgment on the pleadings de novo, as we must, we conclude that there remains a factual dispute, unresolved by the pleadings themselves, concerning whether Willis's claims accrued more than 20 years before she filed her complaint. Consequently, the trial court's judgment on *1244 the pleadings is reversed, and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., concurs in part and dissents in part.
CRAWLEY, Judge, concurring in part and dissenting in part.
Although I concur in the reversal of the judgment on the pleadings as to Willis's conversion, negligence, and breach of contract claims, I must respectfully dissent from the reversal of the judgment on the pleadings on Willis's fraud and outrage allegations. Willis's complaint indicates only the date that her grandmother was buried in Mason City Cemetery (1931) and the date that Mason City Cemetery was incorporated into Shadow Lawn Memorial Park, Inc. (1939). She does state that certain representations concerning the maintenance of her grandmother's grave were made at the time of the incorporation in 1939.
Under Rule 9(b) of the Alabama Rules of Civil Procedure, allegations of fraud "shall be stated with particularity." The committee comments to the rule explain that "[t]he pleading must show time, place and the contents or substance of the false representations." Willis, in compliance with Rule 9(b), states the substance of the misrepresentations and the date they were made; however, from the face of the complaint, it appears that her fraud claim is clearly time-barred.
Ala.Code 1975, § 6-2-3, tolls the running of the two-year limitations period for a fraud action when the fraud is not discovered, and should not have been discovered, until after the period otherwise would have run. To come under the tolling provisions of § 6-2-3, the plaintiff must "show the time and the circumstances of the discovery of the alleged fraud." Blackmon v. Chrysler Motors Corp., 294 Ala. 426, 429, 318 So.2d 286, 289 (1975) (quoting Associates Financial Services Co. v. First Nat'l Bank of Mobile, 292 Ala. 237, 292 So.2d 112 (1974)); see also Lowe v. East End Mem. Hospital & Health Centers, 477 So.2d 339, 342 (Ala.1985); Miller v. Mobile County Bd. of Health, 409 So.2d 420, 422 (Ala.1981). However, nowhere in the complaint does Willis mention the date when she first discovered that her grandmother's grave was not being cared for, when it was "lost," or when another person was buried in it.
The facts alleged in the complaint affirmatively demonstrate that more than two years has passed since the date of the alleged fraud. See Ala.Code 1975, § 6-2-38(l) (two-year statute of limitations). If Willis had drafted her complaint in such a way as to indicate that the fraud was discovered within the past two years, thus bringing herself within the saving clause of § 6-2-3, her claims would survive the Rule 12(c), Ala. R. Civ. P., motion. See Lowe, 477 So.2d at 342; Miller, 409 So.2d at 422. However, her claims are barred by the statute of limitations. Because this court will affirm the judgment of a trial court if the judgment is correct for any reason, even if it is based on a wrong reason, MacLean v. Moon, 567 So.2d 349, 350 (Ala.Civ.App.1990), I would affirm the trial court's judgment on the pleadings on the fraud and outrage claims in Willis's complaint.
NOTES
[1] We note that Rule 8(a), Ala.R.Civ.P., does not expressly require any averments of time, but merely requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Moreover, while Rule 9(f), Ala.R.Civ.P., designates as "material" allegations of time and place contained in a pleading, "[a]n interpretation [of that rule] that averments of time and place are required in every pleading runs counter to the entire concept of notice pleading." Committee Comments to Rule 9(f), Ala.R.Civ.P.
[2] Because no pleading may be filed under the Rules of Civil Procedure in response to an answer (Rule 7(a), Ala.R.Civ.P.), Willis is deemed to have denied the averments in the defendants' answer, including the applicability of the affirmative defenses set forth therein. Rule 8(d), Ala.R.Civ.P.