The plaintiff Tony Robinson appeals from the trial court's October 18, 2000, order denying his motion to alter, amend, or vacate a summary judgment in favor of the defendant State Farm Mutual Automobile Insurance Company ("State Farm"). We affirm.
On July 29, 1997, Robinson sued George Hanlin and State Farm, Robinson's uninsured/underinsured-motorist-insurance provider, seeking damages based on injuries he had sustained in an automobile accident. State Farm filed a "motion to opt out" of participation in the action. In that motion, it agreed to pay that portion of any award exceeding the amount of Robinson's recovery from Hanlin's liability-insurance carrier. The trial court granted State Farm's motion.
Robinson settled his claims against Hanlin for an amount less than the policy limits of Hanlin's liability insurance. The trial court dismissed Hanlin as a party, and it ordered that Robinson's action proceed against State Farm.
After Robinson settled his claim against Hanlin, his original attorney withdrew from representing him in the action, and another attorney, Linda Hall, filed a notice of appearance on behalf of Robinson.
On August 28, 2000, State Farm moved for a summary judgment, arguing in its motion that it had no liability because Robinson had settled for an amount that did not exceed the amount available under Hanlin's liability insurance and because Robinson had failed to notify it before settling his claim against Hanlin. The trial court scheduled a hearing on State Farm's motion for September 14, 2000, at 8:45 a.m. The trial court, in its October 18, 2000, judgment, stated in part:
 "The morning of the [September 14, 2000, summary-judgment] hearing, [Hall] called the court and indicated she had to appear in Judge Ferguson's court at 9:00 a.m., and requested that this hearing be continued. The continuance was deemed unnecessary since there was no time conflict, and Judge Ferguson's court and this court are located on the same floor of the same courthouse. [Hall] was told to appear at the hearing on the Motion for a Summary Judgment. She did not appear, nor did she file a response to the Motion for a Summary Judgment prior to the hearing."
The trial court granted State Farm's motion for a summary judgment, after the September 14, 2000, hearing.
On September 14, 2000, sometime after the summary-judgment hearing, Hall filed, on behalf of Robinson, an opposition to State Farm's motion for a summary judgment. On September 20, 2000, State Farm filed a motion to strike as untimely Robinson's opposition to its motion for a summary judgment. See Rule 56(c)(2), Ala.R.Civ.P. The trial court scheduled a hearing date of October 2, 2000, to consider arguments on State Farm's motion to strike.
Also on September 20, 2000, Robinson filed a "motion to reconsider" the September 14, 2000, summary judgment.[1] The trial court scheduled a hearing for October 13, 2000, to consider that motion.
Hall failed to appear at the October 2, 2000, hearing conducted on State Farm's motion to strike Robinson's opposition to its motion for a summary judgment. On October 2, 2000, the trial court granted State Farm's motion to strike. The trial court expressly found, in its October 18, *Page 927 
2000, judgment, that Hall had had notice of the scheduled hearing.
After conducting a hearing on Robinson's postjudgment motion, the trial court denied that motion, on October 18, 2000. Robinson appealed. The Supreme Court of Alabama transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
Robinson first argues that the trial court erred in entering the summary judgment without conducting a hearing on the issues raised in that motion. This argument is without merit. It is clear that on September 14, 2000, the trial court conducted a hearing on State Farm's motion for a summary judgment. Although on the morning of that hearing Hall sought a continuance, claiming a scheduling conflict, the trial court determined that no time conflict existed and ordered Hall to attend the hearing. The decision whether to grant or to deny a request for a continuance is within the discretion of the trial court. Tillis TruckingCo. v. Moses, 748 So.2d 874, 883 (Ala. 1999) (trial court did not abuse its discretion by denying an "eleventh hour" motion for a continuance alleging a scheduling conflict where, at the time the motion was filed, a jury had been selected). In this case, the trial court found that the scheduled hearing on State Farm's motion for a summary judgment would not conflict with Hall's later scheduled appearance in a nearby courtroom, and it ordered Hall to attend the scheduled hearing. We cannot say the trial court abused its discretion in denying Robinson's request for a continuance.
Although Robinson, in his brief on appeal, states reasons for Hall's failure to attend the summary-judgment hearing, there is no evidence in the record, other than the trial court's factual findings, regarding that issue. Also, in his brief on appeal, Robinson states that neither he nor Hall had notice of the hearing on the motion to strike. However, Robinson does not seek a reversal of the trial court's order striking his opposition to State Farm's motion for a summary judgment. We also note that the trial court expressly found that Hall did have notice of the hearing on State Farm's motion to strike.
Out of an abundance of caution, we note that the trial court has the discretion to exclude as untimely any submission in opposition to a motion for a summary judgment that is not served upon the opposing party at least two days before the hearing scheduled on the motion. Rule 56(c)(2), Ala.R.Civ.P.; Speer v. Pin Palace Bowling Alley, 599 So.2d 1140
(Ala. 1992). Hall filed Robinson's opposition to State Farm's motion for a summary judgment on September 14, 2000, after the summary-judgment hearing. The certificate of service in that document indicates that Hall served it on State Farm on September 13, 2000, one day before the scheduled hearing. We cannot say the trial court abused its discretion by granting the motion to strike and excluding Robinson's opposition to the motion for a summary judgment.
Robinson also challenges the summary judgment on its merits. However, the trial court excluded from evidence his submission in opposition to the motion for a summary judgment. This court's review is restricted to the evidence and the arguments considered by the trial court. Andrews v.Merritt Oil Co., 612 So.2d 409 (Ala. 1992). Also, the case on which Robinson relies, Lowe v. Nationwide Insurance Co., 521 So.2d 1309 (Ala. 1988), stands for the proposition that an uninsured/underinsured-motorist-insurance provider may opt out of litigation but is bound by the fact-finder's decision. In this case, Robinson settled his claims against Hanlin. *Page 928 
Further, Lowe v. Nationwide Insurance Co. does not conflict with the requirement, set forth in Lambert v. State Farm Mutual AutomobileInsurance Co., 576 So.2d 160, 167 (Ala. 1991), that Robinson notify State Farm before entering into the settlement with Hanlin. State Farm presented evidence indicating that Robinson failed to notify it of his intent to settle with the tortfeasor, in violation of the requirements set forth in Lambert v. State Farm, supra. The record contains no admissible evidence to rebut State Farm's prima facie showing. We conclude that Robinson has failed to demonstrate that the trial court erred in entering its summary judgment.
Although the trial court relied primarily on Robinson's failure to file, or to serve on State Farm, an opposition to the motion for a summary judgment within the time limits imposed by Rule 56(c)(2), Ala.R.Civ.P., this court may affirm a trial court's judgment if it is valid on any basis. MacLean v. Moon, 567 So.2d 349 (Ala.Civ.App. 1990).
AFFIRMED.
Crawley, Pittman, and Murdock, JJ., concur.
Yates, P.J., concurs in the result.
[1] The Rules of Civil Procedure do not provide for a "motion to reconsider." The substance of Robinson's motion indicates that it was filed pursuant to Rule 59, Ala.R.Civ.P.