**PRATT & WHITNEY CANADA (A`asia) PTY., LTD., Plaintiff,**

**v.**

**SAMOA AVIATION INC., dba SAMOA AIR, Defendant.**

High Court of American Samoa
Trial Division

CA No. 20-03

December 2, 2003

Before RICHMOND, Associate Justice, ATIULAGI, Associate Judge, and TAPOPO, Associate Judge.

Counsel: For Plaintiff, Charles V. Ala`ilima and Mark Ude
 For Defendant, Paul F. Miller and Robert K. Maez

ORDER GRANTING MOTIONS TO EXCLUDE FROM
CONSIDERATION DEFENDANT'S OPPOSITION MEMORANDUM
AND AFFIDAVIT AND FOR SUMMARY JUDGMENT

Plaintiff Pratt & Whitney Canada (A`asia) Pty., Ltd. ("P&WC") leased two core aircraft engines to Defendant Samoa Aviation Inc., doing business as Samoa Air ("Samoa Air"). After termination of the lease contract, Samoa Air returned the engines. On March 14, 2003, P&WC filed this suit against Samoa Air claiming unpaid rent and damages for the replacement of parts missing from the returned engines. P&WC moved for summary judgment on October 2, 2003. In response, Samoa Air transmitted to P&WC by e-mail a memorandum opposing summary judgment, a supporting affidavit, and an e-mail message ("opposition papers"). Samoa Air then transmitted to the Court by facsimile the opposition papers. P&WC motioned to exclude these documents from the Court's consideration. For the reasons stated below, we grant the motion to exclude and grant summary judgment.

## Standard of Review

Summary judgment is appropriate where the pleadings and supporting documents show "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." T.C.R.C.P. 56(c). In ruling on such motions, a court must: (1) view all pleadings and supporting documents in the light most favorable to the nonmoving party, *D. Gokal & Co. v. Daily Shoppers, Inc.*, 13 A.S.R.2d 11, 12 (Trial Div. 1989); and (2) treat the nonmoving party's evidence as true and draw from such evidence the inferences most favorable to the opposing party. *Lokan v. Lokan*, 6 A.S.R.2d 44, 46 (Trial Div. 1987). The moving party bears the burden of showing there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The nonmoving party must then affirmatively show there is a genuine issue for trial. *Id.* at 324.

## Discussion

A. Motion to Exclude

We exclude from consideration Samoa Air's opposition papers. T.C.R.C.P. 5(a) requires Samoa Air to serve P&WC with the opposition papers. Methods of service are specifically enumerated under T.C.R.C.P. 5(b). As permitted under T.C.R.C.P. 5(b), "service by mail is complete upon mailing." E-mail is usually not a permitted means of service. *See RIO Prop., Inc., v. RIO Int'l Interlink*, 284 F.3d 1007, 1014-16 (affirming the sufficiency of court ordered service by e-mail); *GMA Accessories, Inc. v. Megatoys, Inc.*, 2003 WL 193507 at *1 n. 2 (S.D.N.Y. 2003). Samoa Air offers no proof of service and no excuse for its failure to mail the opposition papers to P&WC. We have the discretion to exclude unserved documents from consideration. *See Robinson v. State Farm Mut. Auto. Ins. Co.*, 813 So. 2d 924, 927 (Ala. Ct. App. 2001) (excluding plaintiff's opposition motion to summary

judgment for failure of timely service); *Molina v. Christensen*, 44 P.3d 1274, 1277 (Ka. Ct. App. 2001) (affirming trial court's imposed sanction for failure to serve); 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1143 (3d ed. 2002) (consequences of a failure to serve depend on the nature of the paper involved). We exclude Samoa Air's opposition papers because Samoa Air knew of the service requirements under the published rules and of the possible penalty for failing to affirmatively show a genuine issue for trial. *See Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988). Thus, in failing to properly serve the opposition papers, Samoa Air does not affirmatively show any genuine issues for trial.

 Besides improper service, the opposition papers contain other irregularities that could preclude our consideration. In attempting to file, Samoa Air only transmitted a facsimile copy of the memorandum opposing summary judgment to the Court. Alone, the facsimile of the memorandum fails to meet the original signature requirement of T.C.R.C.P. 11. *See, e.g., United States v. Diabetes Treatment Ctr. of Am.*, 238 F. Supp. 2d 270, 278 (D.D.C. 2002); *Ross v. United States*, 16 Cl. Ct. 378, 384 (1989).

 Flaws in the affidavit also incline us to leave it unconsidered. *See Mailo v. Amerika Samoa Bank*, 30 A.S.R.2d 175, 177 (Land & Titles Div. 1996). Certain component parts comprise a proper affidavit: (1) the caption or title; (2) the venue; (3) the affiant's signature; and (4) a certificate evidencing the fact that the affidavit was properly made before a duly authorized officer. 2 AM. JUR. 2D *Affidavits* § 12 (1986). Indicating where the affidavit was taken, the venue component shows that the notary public or other authorized official acted within his jurisdiction. *Id.* at § 14. Affidavits must be signed in the presence of the notary, as an authorized official, to assure the affiant's identity. 58 AM. JUR. *Notaries Public* § 16 (1986).

 The offered Samoa Air Affidavit lacks three of the four components. First, the affidavit gives no indication of venue. We lack sufficient information to imply where the unoriginal, facsimile affidavit was sworn. Second, the facsimile affidavit lacks the affiant's original signature. Third, without original signatures, indication of venue, or the notary's authenticating seal, the affidavit lacks certification, for we have no evidence that the signing occurred in the notary's presence.[1]

---

[1] Take care Counselor Miller: "False acknowledgments corrupt and mock the procedure and should not be tolerated." *See Mailo*, 30 A.S.R.2d at 177 n.1. The affidavit's flaws lead us to doubt its authenticity. We will sanction attorneys who are proven to have falsely acknowledged affidavits or submitted false papers to the Court.

## B. Motion for Summary Judgment

There are no genuine issues of material fact concerning the missing part replacement costs. Samoa Air rented two aircraft engines from P&WC, shown by copies of the leases for the two aircraft engines and the affidavits of Martin Angel ("Angel"), P&WC's comptroller, and Peter William Thomson ("Thomson"), P&WC's chief aircraft inspector. Under paragraph 8 of the rental agreement, Samoa Air promised to "indemnify P&WC against all loss or damage to the Rental Engine." Samoa Air returned the two aircraft engines to P&WC with parts missing. Thomson's affidavit and detailed supporting invoices establish a total repair cost of $91,762.24. Thomson Aff. at 2, and attached Ex. PT1, Ex. PT2, Ex. PT3. Nonetheless, PW&C only prays for $85,543.35 in missing part damages. We grant summary judgment that P&WC is entitled to $85,543.35.

P&WC has met the burden of showing that there are no genuine issues of fact concerning the overdue rent payments. Angel's affidavit establishes rental charges of $285,973.15 due to P&WC, a total rent of $319,943.15 minus a security deposit of $33,970.00. Lease documents supporting Angel's affidavit demonstrate the rent charges Samoa Air agreed to pay. Thus, we also grant summary judgment on the total rent due.

## Order

P&WC's motion for summary judgment is granted. Samoa Air shall pay P&WC $85,543.35 for the missing engine parts, $285,973.15 for the rental charges, and costs of suit, plus post-judgment at the rate of 6% per annum on the unpaid balance of the principal amount and costs of suit until in they are paid in full.

It is so ordered.